## SOLOMON v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted April 3, 1928. Decided
May 7, 1928.

No. 4725.

Criminal law ⟨⟩984—Defendant, pleading guilty under indictments for sale, distribution, and possession of opium and derivatives, held properly sentenced on each count (Harrison Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006, and § 9 [26 USCA §§ 211, 705]).

Defendant, pleading guilty to each count of indictments charging sale, purchase, distribution, transportation, and possession of opium and compounds, derivatives, and preparations thereof without having previously registered, based upon Harrison Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (26 USCA § 211; Comp. St. § 6287g), *held* properly sentenced under section 9 of the act (26 USCA § 705, Comp. St. § 6287o) on each count as a separate and distinct offense.

Appeal from Supreme Court of District of Columbia..

Jacob Solomon, otherwise known as Jack Rose, was convicted for violating the narcotic law, and he appeals. Affirmed.

Abner Siegal, of Washington, D. C., for appellant.

Peyton Gordon and J. W. Fihelly, both of Washington, D. C., for the United States.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. On February 15, 1927, there was returned in the District of Columbia an indictment in four counts.

Count 1 charged that the defendant, appellant here, between the 1st day of January, 1926, and the 7th day of February, 1927, in the District of Columbia, did import, manufacture, produce, compound, sell, deal in, etc., opium and cocoa leaves and compounds, without having registered with the collector of internal revenue, and without having paid the special license tax required by law.

Count 2 charged that the defendant on, to wit, the 7th day of February, 1927, did sell, barter, exchange, and give away to C. W. Jones a certain quantity of a derivative of opium, to wit, 50 ounces of morphine hydrochloride, not in pursuance of a written order from Jones on a form issued in blank for that purpose by the Commission of Internal Revenue.

The third count charged that the defendant on, to wit, February 7, 1927, did purchase, sell, dispense, and distribute opium and compounds, derivatives, and preparations thereof, to wit, 50 ounces of morphine hydrochloride, in a manner other than in and from the original package thereof, having affixed thereto appropriate stamps showing the payment of the lawful revenue tax thereon.

Count 4 charged that the defendant on, to wit, February 7, 1927, did purchase, sell, dispense, and distribute opium and compounds, derivatives, and preparations thereof, to wit, 4 ounces of smoking opium, in a manner other than in and from the original package thereof, and so forth.

On March 28, 1927, there was returned against the defendant a second indictment in three counts.

The first count charged that the defendant on, to wit, the 7th day of February, 1927, unlawfully did send, ship, carry, and deliver from the state of New York to the District of Columbia, to one C. W. Jones, coca leaves and opium and compounds, derivatives, and preparations thereof, to wit, 50 ounces of morphine hydrochloride, without having previously registered with the collector of internal revenue, and so forth.

Count 2 charged that the defendant on, to wit, the 7th day of February, 1927, did unlawfully send, ship, carry, and deliver from a state of the United States, unknown to the grand jurors, to the District of Columbia, to wit, 50 ounces of morphine hydrochloride, without having previously registered, and so forth.

Count 3 charged that the defendant from, to wit, the 1st day of September, 1926, to the 10th day of February, 1927, was a dealer in narcotics, and as such dealer was required to register and pay the special license tax, and that on the dates mentioned, not having registered as required by law, the defendant did unlawfully have in his possession and under his control, to wit, 50 ounces of morphine hydrochloride and 4 ounces of smoking opium.

On June 8, 1927, the defendant withdrew his plea of not guilty and entered a plea of guilty to all four counts in the first indictment, and likewise pleaded guilty to the three counts in the second indictment. At this time the court asked the defendant if he understood that he was unequivocally pleading guilty to seven counts contained in both indictments. Defendant answered that he so understood. Counsel for the defendant then represented to the court that defendant was an addict and seriously in need of treatment, and therefore requested that sentence be postponed until the fall term.

Thereupon sentence was deferred until the fall term, when defendant was sentenced to serve a term of two years on each count of both indictments, to run consecutively, a total of fourteen years.

It is the contention of the defendant that all the offenses set forth in the indictments against him "consisted of a single continuous act, and that it was error for the court to sentence the defendant on each count of the indictments as a separate and distinct offense."

These indictments were based upon provisions of the Harrison Narcotic Act of December 17, 1914, 38 Stat. 785, as amended by the Act of February 24, 1919, 40 Stat. 1130 (26 USCA § 211; Comp. St. § 6287g). Section 9 (26 USCA § 705; Comp. St. § 6287o) of the act provides: "That any person who violates or fails to comply with any of the requirements of this act shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court."

In Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392, Burton had been convicted of two separate offenses—one for agreeing to receive compensation in violation of the statute; and the other for receiving such compensation. As to the legality of this conviction, the court said: "It was certainly competent for Congress to make the agreement to receive, as well as the receiving of, the forbidden compensation separate, distinct offenses. * * * But Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense."

In Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505, the defendant had been convicted of the illegal possession and illegal sale of intoxicating liquor, and the contention was made that these acts constituted a single offense because the liquor sold was the same as that possessed. The court said: "But possessing and selling are distinct offenses. One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

In Vamvas v. United States (C. C. A.) 13 F.(2d) 347, it was held that the offense of selling cocaine without having registered and paid tax is distinct from the offense of selling the same cocaine without written order and without prescription; the court saying: "The evidence that would show a sale was made by defendant, who was not registered, would fail to show a sale made without a written order, or vice versa, and therefore the offenses are not the same."

In McIntosh v. White (C. C. A.) 21 F.(2d) 934, it was contended that the three counts in the indictment charged a single offense. The court said: "But the failure to register or pay the tax would not have constituted the offense charged in either of the counts, unless the respective sales in the first and second counts and the transportation in the sixth count were charged. The offenses charged were separate and independent; the evidence necessary to sustain any one of the three offenses charged in the three counts would not have supported either of the other two."

Crepps v. Durden, Cowp. 640, and In re Snow, 120 U. S. 274, 7 S. Ct. 556, 30 L. Ed. 658, cited by counsel for defendant, are not in point.

The first case was a prosecution under a statute prohibiting the doing of business on the Lord's Day. The court held that repeated offenses on the same day were not the object which the Legislature had in view, "but singly to punish a man for exercising his ordinary trade and calling on Sunday."

In the second case, the defendant had been convicted of cohabiting with several different women, in violation of a federal statute making it an offense for any male person in a territory, or other place over which the United States have jurisdiction, to cohabit with more than one woman. The court held that the offense denounced by the statute "is, inherently, a continuous offense, having duration, and not an offense consisting of an isolated act."

An examination of the counts in the two indictments here involved discloses that separate and distinct transactions are therein set forth. The dates in the various counts are stated under a videlicit, and, the defendant having entered a plea of guilty to each,

it must be assumed that, had the case proceeded to trial, the evidence would have supported the counts.

It results that the judgment must be affirmed.

Affirmed.