## BRUNO v. UNITED STATES.

### No. 11589.

Circuit Court of Appeals, Ninth Circuit.

Dec. 3, 1947.

Writ of Certiorari Denied Feb. 9, 1948.

See 68 S.Ct. 459.

Walter H. Duane and Albert A. Spiegel, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

PER CURIAM.

Appellant was convicted under two counts of an indictment, the first of which charged that he unlawfully sold, dispensed and distributed, not in or from the original stamped package, one bindle of a narcotic, namely heroin, in violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. Int.Rev.Code, §§ 2550 et seq., 3220 et seq. The second count, under the Jones-Miller Act, 21 U.S.C.A. § 171 et seq., charged the knowing and fraudulent concealment of the same heroin, which had been imported contrary to law, as the accused well knew. The sentence imposed was imprisonment for five years on the first count, and a fine and imprisonment for ten years on the second, the terms of imprisonment to run consecutively.

The sole argument for a reversal is double jeopardy or double punishment, that is to say, that two separate offenses were not proved, but only one, and that two sentences were not warranted. The contention must be rejected and the judgment affirmed on the authority of our decision in Sorrentino v. United States, 9 Cir., 163 F.2d 627. That case, both in respect of the nature of the proof offered and in respect of the offenses charged, is on all fours with the present. The same argument for a reversal was made, namely, that the proof at the trial established only one offense, and that the court was in error in sentencing the accused on both counts of the indictment. In rejecting this contention the court cited as authority Silverman v. United States, 1 Cir., 59 F.2d 636, and Corollo v. Dutton, 5 Cir., 63 F.2d 7, as well as our own earlier decision in Parmagini v. United States, 9 Cir., 42 F.2d 721. The court did not mention, but necessarily rejected or distinguished, the holding of the Sixth Circuit in Copperthwaite v. United States, 37 F.2d 846, since that decision was there, as it is here, chiefly relied on by the appellant.

Affirmed.

694

DENMAN, Circuit Judge (concurring in the result).

I concur in the result in this case because appellant's contention that there was no proof of concealment and hence he was convicted on a double presumption—namely, of importation and concealment on the single fact of delivery of a bindle of heroin—is not supported by the evidence.

In both this case and in Sorrentino v. United States, 9 Cir., 163 F.2d 627, there was the same evidence of concealment, namely, in the surreptitious method pursued by the deliverer of the heroin, showing his desire to avoid discovery of the heroin in his possession by government officers or anyone who would communicate with them. This appears from the facts recited in the Sorrentino case and in the instant case where the delivery was made away from possible detection in a washroom.

I cannot agree that this court in the Sorrentino case rejected the holding of the Sixth Circuit in Copperthwaite v. United States, 37 F.2d 846, where that circuit held that mere delivery would not support the two presumptions. The question is still open in this court whether the proof solely of delivery will warrant both the presumption that the drug was imported and that it was concealed.