## McDADE v. UNITED STATES.

No. 11817.

United States Court of Appeals, Sixth Circuit.

June 16, 1953.

States, 9 Cir., 164 F.2d 693; Copperthwaite v. United States, 6 Cir., 37 F.2d 846;

It is ordered that the judgment of the District Court be affirmed.

Walter Beall, Cincinnati, Ohio, for appellant.

John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, and Marcus L. Friedman, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This appeal was heard on the record, briefs, and argument of counsel for respective parties;

And the Court being of the opinion that the offense described in Section 2553(a), Title 26 U.S.Code, which is charged in the second count of the Information, is a different offense from the offense described in Section 174, Title 21 U.S.C.A., which is charged in the third count of the Information, in that each requires proof of a fact which the other does not, Gavieres v. United States, 220 U.S. 338, 342, 31 S. Ct. 421, 55 L.Ed. 489; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306; Schmeller v. United States, 6 Cir., 143 F.2d 544, 549;

And that the statutory presumption under each statute arising from the possession of the subject matter of the offense is a rule of evidence dealing with the proof of the offense rather than defining the offense; Corollo v. Dutton, 5 Cir., 63 F.2d 7, 8; United States v. Yee Fing, D.C. Mont., 222 F. 154, 155; United States v. Tom Yu, D.C.Mont., 1 F.Supp. 357, 358;

And that the sentence imposed under the third count of the Information is not invalid, as claimed by appellant; Silverman v. United States, 1 Cir., 59 F.2d 636, 637; Corollo v. Dutton, supra; Bruno v. United