Harry Lee EVERETT, alias Harry Lackey, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12485.

United States Court of Appeals Sixth Circuit.

Nov. 28, 1955.

Harry Lee Everett, pro se.

Richard H. Pennington, Cincinnati, Ohio (Hugh K. Martin, U. S. Atty., George S. Heitzler, Asst. U. S. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Harry Lee Everett appeals from denial of a motion to correct sentence. He was found guilty and sentenced on each of three counts of an indictment for violation of the Narcotics Act, Title

21 U.S.C.A. § 174. Appellant was a first offender. The offenses charged took place on three different days and the district court sentenced appellant to the custody of the Attorney General for a period of five years on each of the three counts, the sentence on Count 2 to begin at the expiration of the sentence on Count 1, and the sentence on Count 3 to begin at the expiration of the sentence on Count 2. It was also provided that the sentence on Count 3 be suspended and appellant placed on probation for said period, five years.

Appellant contends that inasmuch as he was a first offender, the sentences on the various counts aggregating ten years of imprisonment were excessive and in violation of the applicable statute. He bases his contention on claimed limitations upon sentences to imprisonment contained in the so-called Boggs Act, Title 26 U.S.C.A. § 2553 et seq. This Act provides imprisonment of not more than five years for a first offender. Appellant was not, however, sentenced under the Boggs Act, but under Title 21 U.S.C.A. § 174. This court has heretofore held that a violation of Title 21 U.S.C.A. § 174, is an entirely separate offense from that created by Title 26 U.S.C.A. § 2553. McDade v. United States, 6 Cir., 206 F.2d 494. As far as this case goes, however, our conclusion would be the same whether appellant were sentenced under Title 21 U.S. C.A. § 174, as was the case, or under the Boggs Act, Title 26 U.S.C.A. § 2553.

Title 21 U.S.C.A. § 174, provides that whoever "fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, * * * shall be fined not more than $2,000 and imprisoned not less than two or more than five years. * * *" It is further provided that where a person who,

after having been convicted under the Narcotics Act, again violates it, he shall, upon conviction of such second offense, be fined not more than $2,000 and imprisoned in a Federal penitentiary for not less than five years or more than ten years, whenever the fact of such previous conviction is established in the manner prescribed in the statute; and it is further provided that a person who, after having been two times convicted of violation of the Act, again violates it, for a third time, he shall, upon conviction of such third offense, or any offense subsequent thereto, be fined not more than $2,000 and imprisoned not less than ten or more than twenty years, whenever the fact of such previous convictions is established in the manner prescribed in the statute.

 Although appellant was a first offender within the language of the statute, he had been convicted on three counts for three different offenses committed on different days. Sentences under different counts charging distinct offenses may, in the discretion of the trial court, be made to run consecutively. Parmagini v. United States, 9 Cir., 42 F.2d 721. There is no question that the offenses charged in the indictment in this case were different offenses. They were committed on different days; and the test of identity of offenses is whether the same evidence is required to sustain them. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Newman v. United States, 6 Cir., 212 F.2d 450. Here, different evidence was required to prove each of the three offenses.

However, it might appear, on first consideration, as argued by appellant, that Congress had intended that a first offender under the Narcotics law could not receive a sentence of more than five years, and that a conviction on additional counts of an indictment charging other and different offenses against the Narcotics law could not carry additional sentences to run consecutively aggre-

gating more than five years of imprisonment. The statutory classification of sentences for first, second, and third offenders conceivably lends color to the idea.

An examination of the law as it existed before the enactment of the statutes providing for increasing sentences for second and third offenders, and a consideration of the legislative history of those statutes, serve to dispel such an impression.

Under the former statutes, it was held that violators of the Narcotics Act were subject to sentences on each of several counts—such as sales of narcotics on different days—and that such sentences might properly run consecutively. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

The purpose of the sections of the statutes relating to increased sentences for second and third offenders "is to stamp out the existence of narcotics in this country except for legitimate medical purposes." Pitta v. United States, 9 Cir., 164 F.2d 601, 602. The House Committee on Ways and Means, to whom the bill enacting present Title 21 U.S.C.A. § 174, was referred, reported that the intent of Congress was to provide *additional* punishment for second, third, and subsequent offenses for selling, importing, or exporting, or conspiring to sell, import, or export narcotic drugs; House Report No. 254, March 6, 1945, U. S. Code Congressional Service, 79th Congress, Second Session 1946, p. 1083. With the Congressional purpose, as expressed in the statute, to increase the penalties imposed on persons violating the Narcotics laws over those penalties previously in effect—including consecutive sentences of imprisonment on different counts of an indictment—it cannot be concluded that the statute, aimed at increasing the sentences of imprisonment, would have the result of reducing the sentences of imprisonment that had been provided by prior statutes. One who is convicted of

a first offense for selling or dealing in narcotics is, often, an old hand at the game who has previously escaped arrest and conviction because he knows all the tricks. The purpose of the statute was not to give consideration to first offenders of the Narcotics law but to increase sentences for second and third offenders.

In his brief, as has been remarked, appellant relies upon the so-called Boggs Act, 26 U.S.C.A. § 2553 et seq., which is not here applicable. But the same considerations apply to the latter statute as to Title 21 U.S.C.A. § 174, under which appellant was sentenced; and a brief remark may emphasize the intent of Congress in both Acts. Under Title 26 U.S.C.A. § 2557, it is provided that a person who, after having been convicted under the Narcotics Act, again violates it, he shall, upon conviction of such second offense, be fined not more than $5,000 or imprisoned in a Federal penitentiary for not more than ten years, or both, in the discretion of the court, whenever the fact of such previous conviction is established in the manner prescribed in the law; and it is further provided that a person who, after having been two times convicted of violation of the Narcotics law, again violates it, he shall, upon conviction of such third offense, or any offense subsequent thereto, be fined not more than $10,000 or imprisoned in a Federal penitentiary for not more than twenty years, or both, in the discretion of the court, whenever the fact of such previous convictions is established in the manner prescribed in the law.

The Senate and House Committees to whom the bill enacting present Title 26 U.S.C.A. § 2553 et seq., was referred, reported that the purpose of the legislation was to make even more stringent the penalties imposed upon persons violating the federal narcotic and marihuana laws. "It appears urgent," said the Committee, "that steps be taken to increase penalties even to the extent of removing some discretion from the Federal judiciary in order to cope effectually with the expanding illegal traffic

in narcotics." The Senate Report further stated:

"On this point, the recommendation of the Senate Special Committee To Investigate Organized Crime in Interstate Commerce is quoted in support:

" 'We have seen that there has been a serious increase in the narcotics traffic, particularly among teen-agers. One of the ways to curb that traffic is through the imposition of severe penalties. Mr. Harry Anslinger, Commissioner of Narcotics, testified before this committee that—

" ' "The average prison sentence meted out in the Federal courts is 18 months. Short sentences do not deter. In districts where we get good sentences the traffic does not flourish. * * * Both the League of Nations and the United Nations have recommended more severe sentences as one of the best methods to suppress the traffic.

" ' "In many countries that has been very effective. * * *

" ' "There should be a minimum sentence for the second offense. The commercialized transaction, the peddler, the smuggler, those who traffic in narcotics, on the second offense if there were a minimum sentence of 5 years without probation or parole, I think it would just about dry up the traffic."

" 'In the light of this testimony, Congress should pass legislation to provide for increased penalties for drug peddlers and others engaged in the commercialized aspects of the drug traffic. Mandatory penalties of imprisonment of at least 5 years should be provided for second offenders. Such legislation is now pending in the House of Representatives where it is receiving the careful consideration of the Committee on Ways and Means.'

* * * * *

"According to the testimony before a subcommittee of the Committee on Ways and Means, Federal judges in a few areas in the country have a reputation for imposing severe sentences for narcotics violations. In Memphis, Tenn., Louisville, Ky., and Minneapolis, Minn., the drug traffic is today practically nonexistent, largely because of this factor." (Senate Report No. 1051, Oct. 19, 1951 [to accompany H. R. 3490] and House Report No. 635, June 21, 1951 [to accompany H. R. 3490], U. S. Code Congressional and Administrative Service, 82nd Congress, First Session, 1951, p. 2602.)

The above Congressional reports clearly show that one of the principal objectives of the statute was to make more stringent the penalties of imprisonment than those that had been authorized by prior statutes, under which offenders had been sentenced to consecutive terms of imprisonment on different counts of an indictment.

In Beacham v. United States, 10 Cir., 218 F.2d 528, 529, the question before us in this case came before the court on an appeal in which the district court had imposed consecutive sentences of five years on each of three counts of an indictment under the Boggs Act. Appellant contended that the sentence was void to the extent of ten years on the ground that the court did not have jurisdiction to impose such consecutive sentences in view of the fact that he was a first offender. The court of appeals, replying to this contention, and affirming the district court, said: "The penal section of the Act relating to marihuana to the effect that 'any person who is convicted of a violation of any provision * * * shall be fined not more than $2,000 or imprisoned not more than five years, or both, in the discretion of the court' 26 U.S.C.A. § 2596, plainly means that each separate and distinct offense is subject to the penalty prescribed, * * * without reference to the previous record of the offender. And the determination of whether the sentence shall run consecutively is

discretionary with the trial court." We concur with the views expressed in the foregoing case.

In consideration of the foregoing, the order of the district court denying appellant's petition to correct sentence is affirmed.