**UNITED STATES of America,**
**Appellee,**

**v.**

**Harold Leroy LEWIS, Appellant.**

**No. 70, Docket 23393.**

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1955.

Decided Nov. 21, 1955.

Writ of Certiorari Denied
Feb. 27, 1956.

See 76 S.Ct. 451.

Bernard M. Shotkin filed a brief, pro se.

Omer Griffin, Asst. Atty. Gen., of Colorado (Duke W. Dunbar, Atty. Gen., of Colorado, and Frank E. Hickey, Deputy Atty. Gen., of Colorado, were with him on the brief), for William A. Black, Dr. Charles A. Rymer and Dr. Clark A. Barnacle.

Grant, Shafroth & Toll, Henry W. Toll, and John F. Shafroth, Denver, Colo., filed a brief for General Electric Company.

Ora H. George, Denver, Colo., filed a brief for Henry Tull.

G. M. Westa, Denver, Colo. (John R. Turnquist and Luis D. Rovira, Denver, Colo., were with him on the brief), for Thomas A. Edison, Inc.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

Harold Leroy Lewis, pro se.

Simon S. Cohen, U. S. Atty., Hartford, Conn. (Harry W. Hultgren, Jr., Asst. U. S. Atty., Hartford, Conn., of counsel), for appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

The defendant, who was represented by counsel, waived indictment and on December 28, 1953 pleaded guilty to six counts of an information charging him with the sale of narcotic drugs on six different occasions in June, July and August of 1953 in Hartford, Connecticut. He now claims that the District Court had no power to sentence him as it did on January 25, 1954 to five years imprisonment on each of the first five counts to run concurrently and to two years imprisonment on the sixth count to run consecutively.

The defendant contends that the Boggs Act, enacted in 1951 to amend 21 U.S.C.A. § 174, places a maximum on the sentence which may be imposed on a first offender and therefore he could not lawfully have been sentenced to more than five years imprisonment.

21 U.S.C.A. § 174 provides that whoever knowingly receives, conceals, buys or sells, or in any manner knowingly facilitates the transportation, concealment, or sale of any narcotic drug imported or brought into the United States, knowing the same to have been imported contrary to law, shall be fined not more than $2000 and imprisoned not less than two nor more than five years. It also provides that "For a second offense, the offender shall be fined not more than $2,000 and imprisoned not less than five nor more than ten years" and that "For a third or subsequent offense" the punishment shall be a fine of not more than $2,000 and imprisonment for not less than ten nor more than twenty years. "For the purpose of this subdivision, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subdivision or in [certain other sections]."

Prior to the Boggs Act amendment the maximum penalties were a $5,000 fine and ten years imprisonment. There were no provisions for minimum sentence or for different penalties for second or subsequent offenders.

It is of course well settled that the court can impose cumulative sentences on each count of an indictment, where the proof necessary to support each count is different, Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. See also our opinions in United States v. Pagano, 2 Cir., 1955, 224 F.2d 682 and United States v. Chiarella, 2 Cir., 1950, 184 F. 2d 903.

Since that is exactly what the court did here, defendant's sentence appears to be clearly within the power of the sentencing court. Defendant argues, however, that in enacting the Boggs Act Congress abrogated the rule of the Blockburger case with respect to narcotics violations. We find nothing in the language of the statute or the legislative history to support this argument. There are no words to indicate that the five year maximum sentence for a first offender is now a limit on the total punishment that can be imposed at one time rather than a limit on the punishment for each single offense. If Congress had chosen to impose such a limit it would have been easy enough to do so explicitly. Nor can we derive any aid

for defendant from the general aims of the amendment as stated in Senate Report No. 1051, 82nd Congress, 1st Session, 1951, 1951 U.S. Code Congressional and Administrative Service, p. 2602:

"The purpose of the bill is to make more stringent and more uniform the penalties which would be imposed upon persons violating the Federal narcotic and marihuana laws. Enactment of more severe sentences would enable narcotic violators, who are frequently addicts themselves, to be subjected to a longer period of treatment and observation, and would at the same time have the important effect of removing from active participation in the drug traffic those offenders who may not be susceptible to corrective treatment."

The intention of making the penalties more stringent would not be served by depriving the courts of power to give separate sentences for separate offenses.

The judgment of the District Court and its order denying the motion to amend or modify that judgment are affirmed.

CLARK, Chief Judge (concurring).

The governing statute, 21 U.S.C. § 174 as amended, seems to me ambiguous and to afford some basis for an argument that the restriction on maximum sentences applies to convictions, rather than merely to offenses. If, as the judge here pointed out, he might have given a sentence up to 30 years, there is dubious accomplishment of the expressed intent to make the penalties "more uniform" and to curtail the normal discretion of the sentencing judge. But I have been constrained to agree with my brothers, perhaps with somewhat more doubt, however, that there is not enough showing of such intent to vary the literal language of the statute and cause rejection of the usual rule. If the statute is to be again amended, as pending proposals suggest, the law-makers may well wish to clear up all ambiguity.