The **UNITED STATES of America**, Plaintiff-Appellee,

v.

**Abraham JOHNSON**, Defendant-Appellant.

No. 11626.

United States Court of Appeals Seventh Circuit.

June 22, 1956.

Rehearing Denied Aug. 14, 1956.

Jerold S. Solovy, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

After pleading guilty to a six-count indictment charging violation of 26 U.S.C. §§ 2553(a), 2554(a), 21 U.S.C.A. § 174 in connection with 32½–45 grains of heroin and 25 grains of cocaine, defendant sought relief from his sentence under 28 U.S.C. § 2255 (1952 ed.). Upon denial of his motion, defendant asks our review of the district court's order.

After studying the pleadings and briefs, we cannot say that the imposition of sentences on the various counts ran afoul of the Fifth Amendment's interdiction against double jeopardy. There is no transcript of evidence before us, but the indictment does show different quantities in grains of heroin and one of cocaine, and two different dates of transactions. Blockburger v. United States, 1932, 284 U.S. 299, 303–304, 52 S.Ct. 180, 76 L.Ed. 306.

Despite the faithful efforts of Jerold S. Solovy, Esq., court appointed counsel, on behalf of his cause we find

no sound reason for disturbing the order overruling the defendant's motion.

Judgment affirmed.

### On Petition for Rehearing.

MAJOR, Circuit Judge.

I approved the opinion written by Judge Finnegan because I agreed with the result. I still think the result was correct and hence vote to deny the petition for rehearing. However, I think some explanation is in order, particularly in view of defendant's argument on petition for rehearing. The sole issue *raised by the defendant is that sentences* imposed upon various counts of the indictment are violative of the Fifth Amendment to the Constitution, which provides, "* * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

While the indictment to which the defendant entered a plea of guilty contained six counts, it is only necessary in order to disclose the basis for defendant's contention to refer to counts 1 and 2.

Count 1 alleged that the defendant "On or about February 8, 1951, * * * did unlawfully and willfully purchase * * * and have in his possession * * * approximately 45 grains of heroin and 25 grains of cocaine, which said heroin and cocaine * * * was not then and there in the original stamped package nor from the original stamped package," in violation of 26 U.S.C.A. § 2553(a). Count 2 alleged that the defendant "On or about February 8, 1951, * * * did unlawfully and willfully sell to Edward R. Gayles, for the sum of $30.00 * * * 45 grains of heroin, and for the sum of $34.00 * * * 25 grains of cocaine, not in pursuance of a written order from the said Edward R. Gayles on a form issued in blank for that purpose by the Secretary of Treasury of the United States," in violation of 26 U.S.C.A. § 2554(a).

I assume that which defendant asserts is evident, that is, that the narcotics referred to in counts 1 and 2 are the same, and that the purchase and possession alleged in count 1 involved a transaction preparatory and incidental to the sale alleged in count 2. I make the assumption so as to reach the constitutional question which defendant urges, although on a plea of guilty and in the absence of proof it is possible, even though not probable, that the assumption is unsound.

On defendant's petition for rehearing it is stated, "defendant urged to this Court that a person could not be consecutively sentenced for the purchase and sale of narcotics, when such purchase and sale constituted a single transaction. * * * This Court was asked to determine whether or not it was violative of the meaning and purpose of the Fifth Amendment to fragmentize a single substantive transaction by dissecting the preparatory and incidental act of purchase and possession from the consummate act of selling narcotics, and to impose thereon separate consecutive sentences."

Thus, defendant's position is, and necessarily must be in order to meet the interdiction of the Fifth Amendment, that the two counts charged the same offense and that the purchase and possession alleged in count 1 and the sale alleged in count 2 constituted a single transaction.

In my view, defendant's contention is completely refuted by the reasoning employed and the result reached in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. In that case one count charged a sale of narcotics not in or from the original stamped package and another count charged the same sale as having been made not in pursuance of a written order of the purchaser as required by the statute. It was contended there, as it is here, that the offenses alleged in the two counts constituted but one offense, for which only a single penalty could lawfully be imposed. The court stated, 284 U.S. at page 304, 52 S.Ct. at page 182, "Here there was but one sale, and the question

is whether, both sections being violated by the same act, the accused committed two offenses or only one." On the same page the court stated, "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. * * * Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed."

 If the same sale constitutes a violation of both sections of the statute and thereby results in the commission of two offenses, as the Supreme Court held, it would appear necessarily to follow in the instant situation that the purchase and possession of narcotics in violation of one section, and the sale even though of the same narcotics in violation of another section, constitute separate and distinct offenses. Certainly proof required to obtain a conviction under count 1 would be insufficient to convict under count 2, or vice versa. It must be remembered, as the Supreme Court stated, 284 U.S. at page 302, 52 S.Ct. at page 181, "The Narcotic Act does not create the offense of engaging in the business of selling the forbidden drugs, but penalizes any sale made in the absence of either of the qualifying requirements set forth."

It is true, as defendant points out, that in the Blockburger case no issue was raised and the court makes no mention of the double jeopardy provision of the Fifth Amendment. Its holding, however, that two separate and distinct offenses were committed effectively disposed of any basis for a contention that the constitutional provision was applicable because by its terms it is limited to the "same offense."

I have examined the numerous cases relied upon by defendant but in view of the holding of the Supreme Court in Blockburger I think it is unnecessary to cite or discuss them. Generally in such cases it will be found that a single statutory provision has been utilized as a basis for separate and distinct offenses. Typical of such cases is United States v. Chiarella, 2 Cir., 187 F.2d 12, much relied upon by defendant. As pointed out, however, in the instant case complaint is made concerning offenses based upon separate provisions of the statute whereby the proof necessary to sustain a conviction on one count would not be sufficient as to the other.

DUFFY, Chief Judge, and FINNEGAN, Circuit Judge, concur in this opinion, and the petition for rehearing is denied.