**UNITED STATES of America**

v.

**Sydney BRISBANE, Appellant.**

No. 12010.

United States Court of Appeals
Third Circuit.

Submitted Dec. 17, 1956.

Decided Jan. 2, 1956.

Sidney Brisbane, pro se.

W. Wilson White, Philadelphia, Pa. (Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for the United States.

Before MARIS, GOODRICH and STALEY, Circuit Judges.

MARIS, Circuit Judge.

The defendant was convicted by a jury in the District Court for the Eastern District of Pennsylvania on March 2, 1954 on three counts of an indictment charging violations of federal statutes relating to the importation and sale of narcotic drugs. He was sentenced by the court to imprisonment for three years on each count, to be served consecutively. He was also sentenced to pay a fine of $10 on each count. A motion for a new trial or in the alternative for a judgment of acquittal was denied by the court. No appeal was taken. On April 3, 1956 the

defendant filed in the district court a motion under section 2255 of title 28, United States Code, to set aside, vacate or correct the sentences. The present appeal is from the denial of that motion.

The defendant urges that he received three separate sentences for a single action, a sale of heroin, which could result in only one offense against the United States. He contends in addition that the sentences aggregate a period of imprisonment, nine years, which is in excess of the maximum permitted by the Boggs Act[1] for a first offender which the defendant admittedly was.

 The applicable rule with respect to the defendant's first contention is "that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 1932, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. Here the first count, brought under 21 U.S.C.A. § 174, charged the receipt and concealment of illegally imported narcotic drugs, the second, brought under 26 U.S.C., 1946 ed., § 2554(a), the sale of narcotic drugs not pursuant to a legal written order, and the third, brought under 26 U.S.C., 1946 ed., § 2553(a), the sale of narcotic drugs not in or from a properly stamped package. It will at once be seen that each count required the proof of certain facts not involved in the other two. Accordingly applying the test above mentioned it must be concluded that each charged a separate offense for which a separate sentence could be imposed. Blockburger v. United States, supra; Parmagini v. United States, 9 Cir., 1930, 42 F.2d 721, certiorari denied 283 U.S. 818, 51 S.Ct. 344, 75 L.Ed. 1434; Mullaney v. United States, 9 Cir., 1936, 82 F.2d 638; McDade v. United States, 6 Cir., 1953, 206 F.2d 494, certiorari denied 346 U.S. 889,

74 S.Ct. 140, 98 L.Ed. 392; United States v. Brown, 7 Cir., 1953, 207 F.2d 310; Beacham v. United States, 10 Cir., 1955, 218 F.2d 528; Torres Martinez v. United States, 1 Cir., 1955, 220 F.2d 740.

██ ██ The Boggs Act was passed, as the committee reports state,[2] to make more stringent and more uniform the penalties which would be imposed upon persons violating the Federal narcotic laws. It did so by amending section 174 of title 21 and section 2557(b) (1) of title 26, 1946 ed., so as to provide uniform mandatory minimum and maximum prison sentences for narcotic offenders with longer terms for second and subsequent offenders which should not be subject to suspension or probation. Under the terms of the Act it is clear that a first offender who is convicted, as was this defendant, of two or more narcotic offenses at the same time, is to be regarded as a first offender as to each of them and sentenced accordingly. The penalty prescribed by the Act for a first offender is a fine of not more than $2,000 and imprisonment for not less than two nor more than five years. These minimums and maximums apply to each offense, however, and not, as the defendant contends, to the aggregate of the sentences imposed for all the offenses committed in connection with a single sale of narcotic drugs. For, as we have pointed out, the purpose of the Boggs Act was to increase the penalties and make them more stringent. It did not, and it was not intended to, modify the previously existing rule of law that the maximum sentence of imprisonment, or a lesser one, might be imposed with respect to each offense and might be ordered to be served consecutively.

 In this case the district court sentenced the defendant to three years imprisonment, substantially less than the maximum, on each count. Its direction that these sentences be served consecu-

---

1. Act of November 2, 1951, 65 Stat. 767, amending 21 U.S.C.A. § 174 and 26 U.S. C., 1946 ed., § 2557(b) (1).

2. House Report No. 635, 82 Cong., 1st Sess.; Senate Report No. 1051, 82d Cong., 1st Sess.

tively was within its discretionary power and did not violate the Boggs Act. The district court accordingly rightly denied the defendant's motion to set aside, vacate or correct these sentences.

The order of the district court will be affirmed.