McKinley E. **GORE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 13493.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 28, 1957.

Decided April 25, 1957.

Mr. McKinley E. Gore, appellant, filed a brief, pro se, and his case was treated as submitted thereon.

Mr. Forbes Blair, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Joel Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant (defendant) was tried and convicted under each count of a six-count indictment charging violations of 26 U.S.C. § 4705(a),[1] 26 U.S.C. § 4704(a)[2] and 21 U.S.C.A. § 174.[3]  No appeal was taken; but some months later the defendant filed in the District Court a motion under § 2255 of Title 28, United

---

1. "(a) *General requirement.* It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

2. "(a) *General requirement.* It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

3. Section 174 provides in part: "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. For a second offense, the offender shall be fined not more than $2,000 and imprisoned not less than five or more than ten years. For a third or subsequent offense, the offender shall be fined not more than $2,000 and imprisoned not less than ten or more than twenty years."

States Code, to vacate, set aside or correct the sentences. The present appeal is from the denial of that motion.

The offenses charged in the first three counts relate to a transaction involving the same twenty-five capsules of narcotics and on the same date, whereas the offenses charged in the last three counts relate to another thirty-five capsules of narcotics involved in a transaction on another date.

The trial court sentenced the defendant to imprisonment for from one to five years and imposed a fine of $500.00 on each of the first three counts, the sentences to run consecutively. On each of counts four, five and six, defendant was fined $500.00 and sentenced to imprisonment for from one to five years, these latter sentences to run concurrently with the sentences on the first three counts. All fines were suspended.

■ The authorities are unanimous that a defendant may be convicted and sentenced under each of several counts of an indictment if each count states a different offense. The test of whether separate offenses are charged is whether some different evidence is essential to each count, or whether each count is supported by the same evidence. We said recently in Kendrick v. United States, 1956, 99 U.S.App.D.C. 173, 238 F.2d 34:

"A single act which violates two statutes is punishable under both, unless the offenses defined therein are identical. The test of identity is whether the same evidence will sustain both charges. If one of the offenses requires an element of proof which the other does not, a conviction of one does not bar prosecution for the other." Id., 238 F.2d at page 36.

See also Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

■ When Congress enacted 26 U.S.C. §§ 4704(a) and 4705(a), and 21 U.S.C.A. § 174, it created three separate offenses. Each involves a different facet of the narcotics trade and each has different evidentiary requirements. This court and courts of a number of the other circuits, including the First, Fifth, Sixth, Seventh, Eighth and Ninth, have approved convictions and separate and consecutive sentences for violation of the same statutes involved here, or their predecessors, where each offense arose from one common transaction.[4] And, as recently as January 2, 1956, the Third Circuit, in a well reasoned opinion by Judge Maris in United States v. Brisbane, 239 F.2d 859, a case identical to the present one, reached the same conclusion.

■ As in Brisbane, the defendant here further urges that, as he is a first offender, the sentences imposed on him violate the limits set by 26 U.S.C. § 7237 (a), popularly known as the Boggs Act. Since the defendant was sentenced to from three to fifteen years on his first conviction and the maximum sentence for a first offense, under the Boggs Act, is two to five years, his contention has a superficial appeal. However, defendant was tried, convicted and sentenced, not for *one* offense but for *three*, and his sentences do not exceed the maximum for first offenders on each count. So viewed, defendant's contention loses even its superficial appeal.

■ The Boggs Act, on which appellant bases his contention, was passed to deter the criminal who engages in illicit drug traffic and to increase the penalty

---

4. Solomon v. United States, 1928, 58 App. D.C. 182, 26 F.2d 554; Long v. United States, 6 Cir., 1956, 235 F.2d 183; United States v. Johnson, 7 Cir., 1956, 235 F.2d 159; Torres Martinez v. United States, 1 Cir., 1955, 220 F.2d 740; United States v. Brown, 7 Cir., 1953, 207 F.2d 310; Bruno v. United States, 9 Cir., 1947, 164 F.2d 693, certiorari denied 1948, 333 U.S. 832, 68 S.Ct. 459, 92 L.Ed. 1117; Sorrentino v. United States, 9 Cir., 1947, 163 F.2d 627; McIntosh v. White, 8 Cir., 1927, 21 F.2d 934; Vamvas v. United States, 5 Cir., 1926, 13 F.2d 347.

for illegal traffic in drugs. See H.R. Rep. No. 635, 82d Cong., 1st Sess., June 21, 1951; S. Rep. No. 1051, 82d Cong., 1st Sess., Oct. 1, 1951; United States v. Brisbane, supra.

It having been long and well established, as above stated, that each count of such an indictment as is here involved states a separate offense, we can uphold defendant's contention only by holding that the three counts must be considered as a single offense, thereby causing his sentence to exceed the maximum for first offenders. We cannot accept this reasoning when its effect would be to reduce sentences for separate and distinct offenses by the use of a statute intended to increase the penalties. Support for rejecting defendant's contention is found in decisions of four other circuits dealing with the same statutes involved here. We cite these decisions with approval. United States v. Brisbane, supra; United States v. Lewis, 2 Cir., 1955, 227 F.2d 524, certiorari denied 1956, 350 U.S. 974, 76 S.Ct. 451, 100 L.Ed. 845; Everett v. United States, 6 Cir., 1955, 227 F.2d 457; Beacham v. United States, 10 Cir., 1955, 218 F.2d 528.

In Brisbane the defendant urged (1) that he received three separate sentences for a single action, a sale of heroin, which could result in only one offense against the United States; and (2) that the sentences aggregated a period of imprisonment, nine years, which was in excess of the maximum permitted by the Boggs Act for a first offender, which the

defendant admittedly was. Both contentions were decided adversely to the defendant.

Consistently with the other circuits which have passed on the question, we conclude that sentence on each separate offense of which defendant was convicted was valid, was within the limits prescribed by law, and, in the discretion of the trial court, could be made to run consecutively.

It follows that the action of the District Court was correct.

Affirmed.

BAZELON, Circuit Judge (concurring).

■■■■ A drug-peddler dispenses to his customers drugs which he has possessed and concealed; he dispenses them without prescriptions on official treasury forms; and he dispenses them not in or from stamped packages. By legislating separately against each component part of the transaction, Congress facilitated the prosecution and conviction of any who ply the illicit trade. It clearly intended that a person against whom any one of the defined phases of a drug-selling transaction is proved should be punished. It does not follow, however, that by providing for a five-year sentence for a violation of any of the statutes, Congress intended that one who performs the entire transaction receive a cumulative sentence of fifteen years.[1] If we were

---

1. That Congress intended that drug peddlers be severely punished is beyond doubt. The purpose of the Boggs Act was to provide mandatory minimum sentences and to permit increasingly high maximum sentences for repeated violations. It made possible a 20-year sentence for a third violation of 26 U.S.C. §§ 4704(a) or 4705(a) and precluded suspension of sentence or probation for such an offender. 26 U.S.C. § 7237(a). Similarly, a third offender could be sentenced to 20 years under 21 U.S.C. § 174. By the Act of July 18, 1956, c. 629, Title I, §§ 103 and 105, 70 Stat.

568, 570, the maximum penalty for narcotics repeaters was increased to 40 years.

This clear intent that the offender receive a severe sentence does not imply, however, that Congress also intended that cumulative sentences be imposed when a single criminal act results in separate convictions under all three statutes. The intent to increase the punishment of a repeating drug-peddler which led Congress in 1956 to raise the maximum penalty to 40 years would seem to suggest rather that it had not been intended, before 1956, that he be punishable

approaching afresh the question whether, in such a case, single or cumulative punishment is the legal course, I think we could not so easily conclude that the consecutive sentences here imposed are authorized. "It would be self-deceptive to claim that only one answer is possible to our problem." United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, 224, 73 S.Ct. 227, 231, 97 L.Ed. 260.

But the question is not one we are at liberty to approach afresh. We are bound by the decision of the Supreme Court in Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. It may be that the "same evidence" test which has facilitated the fragmentation of crimes into multiple separately punishable components is being abandoned in favor of a "same transaction" test. See United States v. Universal C. I. T. Credit Corp., supra; Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. Note also the granting of certiorari in cases presenting related problems: Bartkus v. People of State of Illinois, 1956, 352 U.S. 907, 77 S.Ct. 150, 1 L.Ed.2d 116; Hoag v. State of New Jersey, ibid.; and Ladner v. United States, 352 U.S. 907, 77 S.Ct. 151, 1 L.Ed.2d 116. Unless we are freed from the controlling effect of Blockburger, however, we have no choice but to countenance the sentences here imposed.

I am authorized by FAHY, Circuit Judge to state that he concurs in the views herein expressed.

by a 60-year sentence. The legislative history of the Narcotic Control Act of 1956 supports the view that the penalties Congress was providing were for the composite act of drug-peddling, not for the separate counts into which a prosecutor's ingenuity could divide it. See, for example, Report to the House Committee on Ways and Means from the Subcommittee on Narcotics, May 10, 1956, 2 U.S.Code Cong.Serv. 3304 (1956):

"It is recommended that *the convicted narcotic peddler* be sentenced to not less than 5 years for a first offense and not less than 10 years for a second or subsequent offense. Maximum sentences should be increased to 20 years and 40 years, respectively, for first offenses and for second and subsequent offenses *in the case of the narcotic peddler.*" (Emphasis supplied.)