Edward HOWARD, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13719.

United States Court of Appeals
District of Columbia Circuit.

Argued May 1, 1957.

Decided June 13, 1957.

Petition for Rehearing Denied
Aug. 16, 1957.

Mr. Leonard J. Emmerglick, Washington, D. C., (appointed by this Court) for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Edward P. Troxell, Principal Asst. U. S. Atty., Lewis Carroll and Harold H. Greene, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

■■ The appeal is from the denial of a motion under 28 U.S.C. § 2255 (1952). Two questions are presented. The first is whether appellant's sentence should be vacated because he is required to serve consecutively two terms of imprisonment, one for three years to nine years for forgery of a document and the other for three years to nine years for uttering the same forged document. 18 U.S.C. § 495 (1952). The validity of the sentences we think is sustained by our recent decision in Gore v. United States, 100 U.S.App.D.C. 315, 244 F.2d 763; cf. Prince v. United States, 352 U. S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. But the severity of the total sentence impels Judges Fahy and Washington to refer with approval to the concurring opinion in Gore, which states a position they think applicable here. The second question is whether the sentence should be vacated because appellant was not personally afforded an opportunity to make a statement in his own behalf and to present information in mitigation of punishment before the court imposed sentence. Couch v. United States, 98 U. S.App.D.C. 292, 235 F.2d 519, requires that this question be answered adversely to appellant. The practice there initiated is not applicable to this case, in which the sentence antedated that decision.

Judge Fahy, except for this Court's decision in Couch, would remand for resentence in accordance with the views expressed by him in his separate opinion in Couch.

Affirmed.

BURGER, Circuit Judge.

I concur in the result reached but reference to "the severity of the total

sentence" leads me to suggest (1) that the quantum of a sentence is beyond our jurisdiction and competence and (2) there is no basis in the whole record for regarding this sentence as severe. The record shows that the appellant was indicted for three offenses: the theft of a government check, forgery of the check, and uttering. He entered plea of guilty as to the second and third counts of the indictment when the first count was dismissed. The record refers to the appellant's probation report which the trial judge had before him and this, like other elements entering into the sentence, is neither available to us nor proper for our consideration.