**Glen L. MAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15978.**

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1958.

Paul A. Goodin, Seattle, Wash., Cohen, Schnider, Shamberg, Jenkins & Ross, Joseph P. Jenkins, Kansas City, Kan., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before STEPHENS, Chief Judge, and HEALY and POPE, Circuit Judges.

STEPHENS, Chief Judge.

May was informed against in District Court in three counts under Title 18 U.S.C., Chapter 25 (counterfeiting and forgery), specifically under Section 474.

Count I alleged that May, on or about February 9, 1955, unlawfully had "control, custody and possession, of photographic negatives bearing the likeness of a genuine [$10.00] Federal Reserve Note * * * together with miscellaneous equipment, with intent to use such photographic negatives and other equipment in counterfeiting said Federal Reserve Notes." Title 18 U.S.C. § 474.

Count II alleged that May, at Tacoma, Washington, during the period beginning September 1, 1954, and ending February 9, 1955, "with intent to defraud, did falsely make and counterfeit currency of the United States, to-wit: * * * counterfeit [$10.00] Federal Reserve Notes. * * *"

Count III alleged that May, on or about February 8, 1955, at Tacoma, Washington, passed counterfeit currency and a $10 Federal Reserve Note.

May pleaded guilty to all three counts and on the eighth day of March, 1955, was sentenced to imprisonment for five years on each count, running consecutively.

On May 8, 1955, appellant May filed with the trial court a motion under Title 28 U.S.C. § 2255, to vacate and set aside the sentence under Count I upon the claim that

"1. The sentence was imposed in violation of the Constitution and laws of the United States.

"2. The Court was without jurisdiction to impose the sentence.

"3. That the sentence of five years imposed on Count I of the Information herein was unauthorized and void for the reason that the charge contained therein (possession of counterfeiting equipment) was one of the incidents of the charge contained in Count II of said Information (manufacturing of counterfeit currency), and therefore did not constitute a separate and distinct crime and was merged in the charge contained in said Count II. This motion is filed pursuant to the provisions contained in Title 28 U.S.C. Sec. 2255 and is made upon the records and files in the above entitled case."[1]

Section 2255, Title 28 U.S.C.A., is effective only if the granting of the relief prayed for will act to release the petitioner from restraint. Title 28 U.S.C.A. § 2255.

It is apparent from the record in the proceeding that but Count I is attacked, leaving Counts II and III unattacked. If Count I should be set aside, petitioner would still be held under the sentences imposed on the other counts. Petitioner has not served even the initial sentence of five years. We have, however, considered whether petitioner would be entitled to any relief if we were to take his petition as one under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., as was done by the Sixth Circuit in Duggins v. United States, 240 F.2d 479.

Petitioner presents the theory that since Counts I and II related to the same transaction, it cannot be split into separate offenses; but Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, adopted the theory that if additional evidence was required to prove different offenses, the splitting was proper. There has been much difference of opinion as to the correctness of this treatment. In Gore v. United States, 100 U.S.App.D.C. 315, 244 F.2d 763, the Court of Appeals of the District of Columbia followed the Blockburger case but with expressed reluctance. The Supreme Court of the United States, after granting certiorari, reaffirmed Blockburger, Chief Justice Warren, Mr. Justice Douglas and Mr. Justice Brennan dissenting. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405.

There is much to be said, indeed much has been said, for reversing Blockburger, but, of course, we have no alternative.

The denial of the petition, whether it is regarded as under Section 2255 or Rule 35, is affirmed.[2]

---

1. There is no attack on the convictions but on the splitting of the facts into plural offenses.

2. See Double Jeopardy and Multiple Count Indictment, 57 Yale Law Review, 132–3. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.