Patsy LAVELLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13665.

United States Court of Appeals
Sixth Circuit.

June 17, 1959.

Peter W. Swenty, Cincinnati, Ohio, for appellant.

Lynn E. Richards, Asst. U. S. Atty., Cleveland, Ohio (Russell E. Ake, U. S. Atty., William J. O'Neill, Asst. U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant was indicted for violation of the conspiracy statute, Title 18 U.S.C. § 371, and for sale of narcotics in violation of 26 U.S.C. § 2554(a), the sales being described in three counts. Being convicted on all four counts, appellant was sentenced for four years on the conspiracy count and three years and $100 fine on each of the three counts for sale of narcotics, the sentences to run consecutively.

The sole question raised in this appeal is whether the sales described in Counts 3 and 4 of the indictment were not in fact one transaction, that Count 4 therefore is void and that the sentence must be correspondingly reduced. Motion to vacate sentence and correct judgment was filed upon that ground and overruled by the District Court.

■■ Counts 3 and 4 charged purchases on two separate days by different purchasers, and delivery of two different quantities of heroin without the appropriate written order as required by the statute. A payment was made on two separate days. As held in Gore v. United States, 100 U.S.App.D.C. 315, 244 F.2d 763, 765, affirmed 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, "The test of whether separate offenses are charged is whether * * * each count is supported by the same evidence." The Supreme Court in the Gore case, supra, 357 U.S. at page 388, 78 S.Ct. at page 1282 expressly reexamines and adheres to Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, which establishes the same test. It cannot be maintained that the same evidence would establish two sales of narcotics made on different days with payment of different amounts and with

delivery of different quantities of heroin to different persons. Different evidence was essential to support each count.

The judgment of the District Court is affirmed.