Albert A. WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18159.

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1964.

Decided April 23, 1964.

Petition for Rehearing en Banc
Denied June 25, 1964.

Mr. John F. Mahoney, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. B. Michael Rauh, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, WRIGHT and McGOW-AN, Circuit Judges.

JUDGMENT

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this court that the judgment of the District Court appealed from in this case is hereby affirmed.

WRIGHT, Circuit Judge (concurring).

The defendant was charged in six counts arising out of two sales of heroin. The first three counts related to the first sale and charged violations of 26 U.S.C. § 4704(a), 26 U.S.C. § 4705(a), and 21 U.S.C. § 174; the last three counts charged the same with reference to the second sale. Both sales were made the same day, to the same purchaser, in the same location. The judge imposed the following sentence:

"Five (5) years on count one; One (1) year to Three (3) years on count two, to run consecutively to the sentence imposed on count one; Five (5) years on count three; Five (5) years on count four; One (1) year to Three (3) years on count five; Five (5) years on count six, said sentences imposed on counts 3, 4, 5 and 6, to run concurrently with the sentences imposed on counts 1 and 2."

It appears that the sentences on all counts are to run concurrently, except that the sentence on count 2 is to run consecutively with the sentence on count 1. Thus we have before us the issue of consecutive sentences imposed under different statutes for the same narcotic transaction. This same issue was before this court in Gore v. United States, 100 U.S.App.D.C. 315, 244 F.2d 763 (1957), affirmed, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (Chief Justice Warren and Justices Black, Douglas and Brennan dissenting). See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Harris v. United States, 359 U.S. 19, 79 S. Ct. 560, 3 L.Ed.2d 597 (1959). I agree with the observation of Judges Bazelon and Fahy, concurring in Gore, that the imposition of cumulative sentences for different facets of the same transaction raises serious problems. 100 U.S.App.

D.C. at 318, 244 F.2d at 766, and see cases cited therein. I agree as well with the views expressed in the dissenting opinions in the Supreme Court in *Gore.* But "Unless we are freed from the controlling effect of [the precedents], we have no choice but to countenance the sentences here imposed." 100 U.S.App. D.C. at 319, 244 F.2d at 767.