## PRICE v. McGUINNESS, Warden.

(Circuit Court of Appeals, Third Circuit. December 23, 1920.)

No. 2635.

1. **Habeas corpus ⇐⇒109—Recommitments under lawful sentence held legal.**

Where a prisoner had applied for habeas corpus, claiming his sentence to be illegal, and had been, by the court to which he applied, twice committed to different jails for specified terms, which were within the term of the original sentence, and the original sentence was in fact lawful, the subsequent commitments were only recommitments under that sentence, and were lawful.

2. **Criminal law ⇐⇒1216 (1)—Prisoner entitled to commutation for time served in county jail under sentence to penitentiary.**

The time spent by a prisoner in a county jail under commitments by the District Court, to which he had applied for habeas corpus, charging his sentence to the penitentiary to be illegal, entitles him to such commutation of time as he would have earned by serving unbroken his full term in the penitentiary.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Habeas corpus by Richard F. Price against Richard McGuinness, as Warden. Petition for writ denied, and petitioner appeals. Appeal dismissed.

Richard F. Price, of New York City, in pro. per.

David V. Cahill, Asst. U. S. Atty., of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. On a plea of "guilty" Price was sentenced by the District Court of the United States for the Southern District of New York to a term of 2 years and 6 months, to be served in the United States Penitentiary at Atlanta, Ga. Representing that the sentence was imposed during his absence, and therefore invalid, Price, after commitment, succeeded by writ of habeas corpus, granted by the District Court of the United States for the Northern District of Georgia, in being returned to and having his case reviewed by the District Court of the United States for the Southern District of New York. The latter court, on September 13, 1920, imposed what Price calls "another sentence" for an additional term of 4 months to be served at Atlanta, and later, on September 22, 1920, without setting aside the prior sentence of the same month, it imposed still "another sentence" of 4 months, to be served in the Essex county jail at Newark, N. J.

In this situation Price petitioned the District Court of the United States for the District of New Jersey for writ of habeas corpus, on the ground that the sentence of April 30, 1919, was illegal, because imposed when he was not present in court, or, if legal, then the later sentence for 4 months, which he is now serving, was illegal. From the denial of his petition for a writ of habeas corpus the plaintiff took this appeal.

[1] We have given consideration to every aspect of this case, and

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

are satisfied that the sentence for 2 years and 6 months was legal, and that the subsequent acts of the court involving the appellant's imprisonment, and termed by him "additional sentences," were nothing more than recommitments under that sentence, and that in consequence Price is lawfully in prison.

[2] It follows, however, that, notwithstanding his commitment to Essex county jail for a part of his term, Price is entitled to such commutation of time as he would have earned under the law in serving unbroken his full term of 2 years and 6 months.

The appeal is dismissed.