## GOROVITZ v. SARTAIN, Warden.

(District Court, N. D. Georgia. September 20, 1924.)

**1. Criminal law ⬳1218—Sentence to imprisonment in jail cannot be executed in penitentiary.**

Whether sentence is to be executed in jail or penitentiary goes to extent and nature of punishment, and is of essence of sentence, for penitentiary sentence is infamous, so that sentence to imprisonment in jail cannot properly be executed in penitentiary.

**2. Criminal law ⬳1218—Detention after sentence anywhere is in execution thereof, where time for commencement and nature of imprisonment is not specified.**

If time for commencement of imprisonment and fact that imprisonment is to be in penitentiary is not specified, detention after sentence anywhere will be in execution of sentence, if it has not been superseded or arrested.

**3. Criminal law ⬳1216(6)—Execution of imprisonment in penitentiary cannot commence until prisoner is received there.**

Execution of sentence to imprisonment in penitentiary cannot commence until prisoner is received there, notwithstanding prior detention in jail, in view of Act June 21, 1902, § 1 (Comp. St. § 10532).

**4. Criminal law ⬳1218—Habeas corpus ⬳ 17—Marshal required to convey prisoner to penitentiary in reasonable time, and right enforceable by habeas corpus.**

Marshal is required to convey prisoner to penitentiary to which he has been sentenced in a reasonable time, and prisoner may by habeas corpus secure prompt delivery or his discharge.

**5. Criminal law ⬳996(1)—Sentence may be modified to allow credit for detention in jail beyond reasonable time before delivery to penitentiary.**

Where marshal has not conveyed prisoner to penitentiary to which he has been sentenced within reasonable time, the sentence, on application to the trial court, may be so modified as to allow credit for detention in jail beyond such reasonable time.

Habeas Corpus. Petition for writ by P. Gorovitz against A. E. Sartain, Warden. Petitioner remanded to custody of warden.

David J. Meyerhardt, of Atlanta, Ga., for petitioner.

Jno. W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

SIBLEY, District Judge. Gorovitz, the petitioner, was sentenced on November 9, 1923, to be imprisoned 12 months in the United States Penitentiary at Atlanta. The commitment is dated December 14, 1923, and on that date he entered the penitentiary. He now insists that the time intervening between November 9th and December 14th should be considered as a part execution of his sentence, and that with good time allowance he is now entitled to discharge.

[1] The state cases are in conflict, and no controlling federal authorities have been found. I believe the law concerning a federal sentence to imprisonment to be as follows: Though the time at which and the particular jail or penitentiary in which the sentence is to be executed is not a part of the judicial sentence, and these may be afterwards altered even in the absence of the prisoner, yet whether the imprisonment is to be suffered in a jail or a penitentiary goes to the nature and extent of the punishment, and is of the essence of the sentence, for a penitentiary sentence is infamous, so that a sentence to imprisonment in a jail cannot properly be executed in a penitentiary. See In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149; Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89.

[2, 3] If no time for the commencement of the imprisonment is specified and the imprisonment is not specified to be in a penitentiary, detention after sentence any where

will be in execution of the sentence if it has not been superseded or arrested. If, however, the sentence is to imprisonment in a penitentiary, its execution cannot commence until the prisoner is received into the penitentiary. See 16 C. J. 1372.

[4, 5] The marshal is nevertheless under duty to convey the prisoner thither in a reasonable time (29 C. J. 49), and on failure the prisoner may have habeas corpus to secure prompt delivery to the penitentiary or his discharge. If timely application be made to the trial court, the sentence may be so modified as to allow credit for the detention in jail beyond such reasonable time. Ex parte Sichofsky (D. C) 273 Fed. 694. If these modes of relief are neglected, the execution of the penitentiary sentence will commence only on the prisoner's reception at the penitentiary. Such is the regulation in force at the Atlanta penitentiary. That day is specifically named in Act June 21, 1902, § 1 (Comp. St. § 10532), as the time when the computation of good time allowance starts. A prisoner cannot wait till near the end of his sentence, perhaps years after the detention in jail and hundreds of miles away, and then raise an issue that he is entitled to credit for an unreasonable delay in bringing him to the penitentiary. To permit this would be to destroy all certainty in the status of prisoners in the penitentary, and deluge this court with applications like this, with small facility for a fair understanding of the facts attending the delay.

In this case, the commitment from the trial court was issued the very day of the delivery to the penitentiary, and specified an imprisonment in the penitentiary of 12 months. The prisoner has not been imprisoned there 12 months less good time allowance. Though the sentence is dated November 9th, and no explanation is given of the delay in issuing the commitment, except the testimony of the prisoner that it was not on his motion, I am of opinion that this court should not on habeas corpus go behind the commitment. Cases in which an execution of the sentence actually begun is held not to be arrested by an unlawful removal of the prisoner from the place of confinement, as In re Jennings (C. C.) 118 Fed. 479, are not considered in point.

Doubt is felt whether the prisoner should have been sentenced to the penitentiary at all for a time not exceeding a year, notwithstanding the decision in Rogers v. Desportes (C. C. A.) 268 Fed. 308, but the

prisoner has, by his counsel, declined to make that contention.

It is held that the execution of the sentence began December 14, 1923, on the delivery of the prisoner to the penitentiary, and that he be remanded to the custody of the warden till it be served out.