## FELS v. SNOOK, Warden.

District Court, N. D. Georgia.  January 21, 1929.

Swift Taylor, Jr., and J. Mallory Hunt, both of Atlanta, Ga., for applicant.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

SIBLEY, District Judge. The applicant was, on July 20, 1928, sentenced for an offense against Penal Code, § 195 (18 USCA § 318), to imprisonment in the United States penitentiary at Atlanta for a year and a day, "the said sentence to date from the 1st day of February, 1928." The record shows on its face that the offense was committed June 22, 1928, and that the accused was on bail prior to the sentence. If the sentence is to be treated as having commenced on February 1st, nearly six months before the crime was committed, it has now expired, with the good time allowance earned. But the warden at the penitentiary contends that the sentence is one to the penitentiary for more than a year, and that the attempt so to date it back is unlawful and void.

The substance of an imprisonment sentence is that part of it which prescribes the kind and amount of the punishment. These elements of it the court cannot change, in the absence of the defendant, or after trial jurisdiction has ceased by the expiration of the term or by the sentence going into execution. The portions of it directing when execution shall commence, or in what particular prison it shall be accomplished, are not of the substance, and may more freely be added or altered. Bernstein v. United States (C. C. A.) 254 F. 967, 3 A. L. R. 1569; Gorovitz v. Sartain, Warden (D. C.) 1 F.(2d) 602; Miller v. Snook, Warden (D. C.) 15 F.(2d) 68. The impropriety or illegality of these incidental matters will not nullify the substance of the sentence, but may generally be remedied by the trial court. No court, however, before which the sentence may come on habeas corpus proceedings, has any such power of correction.

An imprisonment sentence is normally prospective in its operation. No statute of the United States requires that it fix definitely the date of its beginning and ending, if its duration is otherwise clearly fixed. If the sentence be silent as to the time of its commencement, but requires service in the penitentiary, it has been held in this court not to begin to run until the prisoner is received in the penitentiary; it being, however, the prisoner's right to be conveyed thither without unreasonable delay, such delay to be judged of and dealt with by the trial court. If, however, the sentence expressly states that it is to begin on its date, it will be so treated, although conveyance to the penitentiary be, without the prisoner's fault, delayed. Gorovitz v. Sartain, Warden (D. C.) 1 F.(2d) 602. These rulings, I am informed, have been recognized in the penitentiary regulations. Yet further, it is a common practice, both in jail and penitentiary sentences, where there has been actual imprisonment of the accused before trial, in default of bond, to recite the fact and direct that the sentence be dated from the beginning of such imprisonment. This predating works no injustice to the public or to the prisoner, and amounts to a judicial adoption of the imprisonment already had as a part of the sentence. While it would seem *more regular for the judge to mentally subtract the time served from the sentence he otherwise would impose, and then sentence in futuro only for the difference,* no objection seems ever to have been made to this substantially just equivalent.

The case at bar goes far beyond this, and

seeks to give credit for time which was never in any manner served, and which elapsed before the crime was even committed. This seems entirely beyond judicial power. Suppose the law had fixed a minimum punishment of a year and a day, it would be evident that to date it back six months, during which there was no imprisonment, would be, to that extent, judicial pardon. In the case at bar the court had a broad discretion, and might have made the punishment only six months; but in making the substance of the sentence he fixed a year and a day, and ordered it served in the Atlanta penitentiary, where one may not be sent on a sentence of less than one year. Rogers v. Desportes (C. C. A.) 268 F. 308. The direction that the service be dated back to a time before the crime was committed seems to me both contradictory of the substance of the sentence and beyond the power of the judge. This court can only remand the applicant to the penitentiary, as not yet having served the sentence lawfully imposed upon him. It seems clear, however, that the judge intended this prisoner to serve only about six months, and it is likely that a pardon or commutation would be granted on this being made evident to the executive.