COROLLO v. DUTTON, Marshal.

TODARO v. SAME.

Nos. 6600, 6601.

Circuit Court of Appeals, Fifth Circuit.

Feb. 9, 1933.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., and Tillou Von Nunes and Irma Von Nunes, both of Atlanta, Ga., for appellants.

E. E. Talbot, U. S. Atty., of New Orleans, La., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

These appeals are from orders denying applications for writs of habeas corpus. These applications were sued out by appellants claiming unlawful detention in the parish prison of Orleans, after cumulative sentences of six months each in the Atlanta Penitentiary, entered at an earlier term, had been amended as to the place of confinement. They show that appellants, prisoners in the Atlanta Penitentiary in the Northern District of Georgia serving sentences imposed in the

Eastern District of Louisiana on four counts of a felony indictment, sued out writs of habeas corpus there for release from serving the sentences on counts (2) charging the purchase of morphine from an unstamped package; (3) the sale of morphine not in pursuance of a written order; and (4) receiving and concealing morphine known to have been unlawfully imported; that, no complaint being made by them of the convictions, but only of the sentences, the Georgia court ordered petitioners taken for further proceedings before the court which had sentenced them. In Re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Rogers v. Desportes (C. C. A.) 268 F. 308, 309; Id. (D. C.) 268 F. 83; that that court amended the sentences complained of by changing the place of confinement to the Orleans parish prison.

Appellants filed motions in arrest of these orders, but no appeals were taken from the order overruling these motions, or from any of the orders entered in the proceedings on the Atlanta application.

Appellants urge here two grounds for reversal: First, the acts charged in the counts attacked constituting not three offenses, but one, the cumulative sentences are illegal as to the place of confinement, In re Bonner, supra; second, the term of court at which they were originally entered having expired after the prisoners had entered upon their service, the effort of the court to amend away the illegality by changing the place was without effect.

■ There is no merit in the first point. Each count charges a separate and distinct offense. Each count requires to make it out, proof of a fact additional to that required to make out the offense under the others. Subdivision (f) of section 1 of the statute (Act May 26, 1922 [21 USCA § 174]) does indeed provide that proof of possession alone makes a prima facie case under each count. Yee Hem v. U. S., 268 U. S. 184, 45 S. Ct. 470, 69 L. Ed. 904; Copperthwaite v. U. S. (C. C. A.) 37 F.(2d) 846. This subdivision does not define the substantive offenses; it deals with their proof. It merely makes proof of possession presumptive evidence, prima facie, of the facts essential to make out a case. While proof of possession operates with equal force under each count, the presumption which it raises is, as

to each count, of the facts essential to conviction under it. It is to the statutes denouncing the offenses charged in each of the counts that we must look to determine whether the facts required in proof of each are the same. An examination of them shows that quite the contrary is true. The fact essential in proof of the second count is the purchase of morphine not in or from the original stamped package. The essential fact in the third count is the sale of morphine not in pursuance of a written order. The essential fact in the fourth count is knowingly receiving and concealing morphine which had been unlawfully imported into the United States. The case falls directly within, and is controlled by, the Blockburger Case, 284 U. S. 300, 52 S. Ct. 180, 76 L. Ed. 306.

■ We find no greater merit in the second ground of error. The court did not change its sentences after the term; it merely changed the place of serving the sentences. It is settled law that where a sentence has been originally ordered to be served in a manner or at a place which is not in accordance with what the law prescribes, it is for the sentencing court to correct it to conform. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Rogers v. Desportes (C. C. A.) 268 F. 308, 309; Fels v. Snook (D. C.) 30 F.(2d) 187; Bernstein v. U. S. (C. C. A.) 254 F. 967, 3 A. L. R. 1569.

■ Besides, we think it clear that, since the original sentences to the Atlanta Penitentiary were valid, Rogers v. Desportes, supra, and the court could originally have fixed either the penitentiary or the parish prison as the place of their service, appellants cannot complain of an amendment in the place of confinement which was made to meet their objections. Price v. McGuinness (C. C. A.) 269 F. 977. Appellants have not yet served out their sentences. They are not entitled on any theory to their release at this time. The change in their place of confinement however, had no effect to increase the length of their sentences. They will be entitled to their release when they shall have served the time they would have been required to serve under the sentences originally imposed. White v. Kwiatkowski (C. C. A.) 60 F.(2d) 264; Price v. McGuinness (C. C. A.) 269 F. 977; Aderhold v. Perry (C. C. A.) 59 F.(2d) 379.

The judgments are affirmed.