**UNITED STATES v. BROWN.**
**No. 10920.**

United States Court of Appeals,
Seventh Circuit.
Oct. 8, 1953.

Chester Brown, pro se.

Otto Kerner, Jr., U. S. Atty., Frank J. Gagen, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

■ This appeal is from an order of the District Court denying the defendant's motion under Title 28 U.S.C. § 2255, to vacate sentence. This is the fifth such motion attacking his sentence which this prisoner has filed. The statute expressly provides that: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." This provision of the statute clearly leaves the matter of entertaining a second or subsequent motion to the discretion of the trial court. Moss v. United States, 10 Cir., 177 F.2d 438; Story v. United States, 8 Cir., 185 F.2d 952.

However, if the defendant had appealed from the denial of his first motion to set aside his sentence, we would have affirmed the action of the trial court on the merits of the question raised by the defendant.

The sentence which the defendant was seeking to vacate was entered on his plea of guilty to an indictment in three counts. The first count charged that on July 26, 1949, the defendant purchased 4 grains of heroin and 2.6 grains of cocaine, "not then and there in the original stamped packages, nor from the original stamped packages," in violation of 26 U.S.C. § 2553(a). He was charged in the second count with the sale of

narcotics of the same kind and quantity on July 26, 1949, in violation of 26 U.S. C. § 2554(a). And the third count of the indictment recites that on the same date, the defendant "did then and there fraudulently and knowingly receive, conceal, buy and facilitate the transportation and concealment after importation into the United States" of 4 grains of heroin and 2.6 grains of cocaine, "knowing the same to be imported into the United States contrary to law," in violation of 21 U.S.C. § 174. He was sentenced to a term of five years on each of the first two counts and to ten years on the third, the sentences to run concurrently.

■ In each of his petitions, except the first, the defendant contended that the first and third counts of the indictment charge a single offense, for which but a single punishment could be imposed; and that the sentence under count three should, therefore, be vacated. To support this contention, the defendant points to the presumptions which may arise from the possession of narcotics under § 2553(a) of Title 26 U.S.C., and under § 174 of Title 21 U.S. C., upon which counts one and three, respectively, are founded.

Section 2553(a) provides that the absence of tax-paid stamps from any of the enumerated drugs "shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found * * *." And § 174 provided: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Thus, evidence of possession and the absence of tax-paid stamps may be sufficient to establish a violation of § 2553 (a), and the unexplained possession of the defendant might have been considered sufficient to establish his guilt under § 174. The defendant argues that conviction and sentence under both stat-

utory provisions, which might be based solely on the presumptions flowing from a single act of possession, constitutes double punishment. But, in the instant case, the guilt of the defendant was not based on these presumptions, but on the defendant's plea of guilty to all three counts of the indictment.

■ Section 2553 of Title 26 U.S.C., does not make it a crime to possess the narcotics, but only makes it unlawful to "purchase, sell, dispense, or distribute" them. Nor does § 174 of Title 21 U.S. C., make mere possession a crime. To be guilty of the crime defined by this latter section, the defendant must import or bring the narcotic drugs into the United States contrary to law, or assist in so doing, or receive, conceal, buy, sell or in some manner facilitate the distribution, concealment or sale of such drugs after they have been imported or brought into the United States, knowing the same to have been imported contrary to law.

Thus we see that, while a person violating either of these sections would probably have narcotics in his possession, the possession is not a necessary element of either of the substantive crimes which these two statutes define. The presumptions are only made a statutory rule of evidence.

■ The offense charged in the first count of the indictment is the purchase of narcotics neither in nor from the original stamped packages and, in count three, dealing in narcotics known to have been unlawfully imported. These offenses are obviously separate and distinct, for each requires proof of different facts. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. They are not made identical by the fact that proof of possession would sustain, prima facie, both counts. For that rule, as the court stated in Corollo v. Dutton, 5 Cir., 63 F.2d 7, 8, "does not define the substantive offenses; it deals with their proof. It merely makes proof of possession presumptive evidence, prima facie, of the facts essential to make out a case. While proof of possession operates with equal force under each count, the presumption which it raises is, as to each count, of the facts essential to conviction under it." See also Silverman v. United States, 1 Cir., 59 F.2d 636, 637–638; Sorrentino v. United States, 9 Cir., 163 F.2d 627, 630 and Bruno v. United States, 9 Cir., 164 F.2d 693.

■ The defendant not only pleaded guilty to the violation of both of these statutes, but in the fourth petition which he filed to set aside his sentence he said: "It is not argued that petitioner did not violate Section 2553(a) of Title 26 and Section 174, Title 21 U.S.C." He must then necessarily admit that, but for his sentence on count one of the indictment, his sentence of ten years on count three would have been legal because that was within the maximum fixed by the Act. Since the sentences on both counts were to run concurrently, he was not prejudiced by his sentence of five years on the first count. Anderson v. United States, 6 Cir., 189 F.2d 202, 204.

The judgment is affirmed.