**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James JONES, Defendant-Appellant.**

**No. 12060.**

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1957.

Rehearing Denied Dec. 4, 1957.

Francis J. Demet, Milwaukee, Wis., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

After a jury trial, defendant was found guilty on all fifteen counts of an indictment charging violation of federal statutes pertaining to narcotics. Transactions on five different dates were charged. To illustrate: Count 13 charged defendant with purchasing, on July 21, 1951, 251 grains of heroin which were not in the original stamped package, in violation of § 2553(a)[1], Title 26 United States Code. Count 14 charged the sale by defendant on the same day of 251 grains of heroin not in pursuance of a written order on a blank form furnished by the Secretary of the Treasury, in violation of § 2554(a)[1], Title 26 United States Code, and Count 15 charged that on July 21, 1951 defendant did receive, conceal, buy and facilitate the transportation and concealment after importation of 251 grains of heroin in violation of § 174, Title 21, United States Code.

The District Court imposed sentences of five years on Counts 1 to 14 inclusive to be served concurrently. It imposed a sentence of ten years and a fine of $2,000.00 on Count 15, and provided the sentence on Count 15 shall commence upon the expiration of the sentences imposed on Counts 1 to 14, inclusive.

The case was here on a previous appeal, United States v. Jones, 7 Cir., 204 F.2d 745, wherein the conviction was sustained. However, the questions now

---

1. Now respectively §§ 4704(a), 4705(a), Title 26, U.S.Code.

before us were not raised in the original appeal.

Defendant filed a motion in the District Court to modify his sentence on the ground that the consecutive sentence imposed on Count 15 was too severe. This was denied by the trial court. Defendant then moved to reduce his sentence and this was denied by the trial court on March 2, 1954. Thereafter, defendant presented a petition and motion to the trial court under § 2255, Title 28, United States Code to vacate or modify his sentence. Defendant charged there was an identity of offenses in Counts 13, 14 and 15, and that the same evidence and facts relied upon to prove Counts 13 and 14 necessarily proved the charge in Count 15. Defendant argued that an unlawful purchase and sale of heroin necessarily included the incidental possession, transporting, concealing, etc. Defendant argues in this court that the sentence imposed under Count 15 was a double sentence in violation of the Fifth Amendment to the Constitution of the United States of America which provides in part " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; * * *." Defendant's motion under § 2255 was denied and this appeal followed.

If the District Court had imposed the consecutive sentence on Count 13 or Count 14, there would be no serious question before us, in view of the decision in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. However, imposing sentence on what has been referred to as the possession and concealment count, presents a much closer question.

Defendant relies on such cases as United States v. Chiarella, 2 Cir., 184 F.2d 903, 187 F.2d 12; Copperthwaite v. United States, 6 Cir., 37 F.2d 846, 847, and Woods v. United States, 8 Cir., 26 F.2d 63, 65.

■ The principle of law upon which defendant relies is well stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, as follows: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."

■ Defendant insists that every essential element of the purchase, sale and receipt of heroin under §§ 2553(a) and 2554(a), Title 26, United States Code, necessarily include a transportation or concealment of heroin after importation. Defendant insists no additional evidence or set of facts was introduced to show a violation of § 174, Title 21, United States Code.

Under our decisions in United States v. Brown, 7 Cir., 207 F.2d 310 and United States of America v. Johnson, 7 Cir., 235 F.2d 159, 161, 162, we hold that the defendant's contention cannot be sustained.

In United States of America v. Johnson, we stated, page 162: "If the same sale constitutes a violation of both sections of the statute and thereby results in the commission of two offenses, as the Supreme Court held, it would appear necessarily to follow in the instant situation that the purchase and possession of narcotics in violation of one section, and the sale even though of the same narcotics in violation of another section, constitute separate and distinct offenses. Certainly proof required to obtain a conviction under count 1 would be insufficient to convict under count 2, or vice versa. It must be remembered, as the Supreme Court stated [Blockburger v. United States], 284 U.S. at page 302, 52 S.Ct., at page 181, 'The Narcotic Act does not create the offense of engaging in the business of selling the forbidden drugs, but penalizes any sale made in the absence of either of the qualifying requirements set forth.' "

In United States v. Brown, 7 Cir., 207 F.2d 310, we considered the denial by the District Court of defendant's motion under § 2255 of Title 28. There

the first count of the indictment charged defendant with the purchase of described narcotics which were not then in the original stamped packages, in violation of § 2553(a), Title 26, United States Code. In the second count, defendant was charged with the sale of narcotics of the same kind and quantity on the same date in violation of § 2554(a) of Title 26. In the third count, the indictment recited that on the same date the defendant did then and there fraudulently and knowingly receive, conceal, buy and facilitate the transportation and concealment after importation into the United States of certain narcotics being the same as described in counts 1 and 2. In the Brown case defendant was sentenced to a term of five years on the first two counts and ten years on the third, the sentences to run concurrently. We pointed out, 207 F.2d at page 312: "Thus we see that, while a person violating either of these sections would probably have narcotics in his possession, the possession is not a necessary element of either of the susbtantive crimes which these two statutes define." We also pointed out that § 174, Title 21, United States Code, did not make mere possession of narcotics a crime.

It is true that in Brown the defendant had entered a plea of guilty, while in the case at bar the defendant was found guilty by a jury. However, we think this is no basis for distinguishing the cases. In each case the judgment of conviction was entered, and thereafter the court imposed sentence.

We hold that in the case at bar there was no double sentencing or double jeopardy which violated defendant's rights under the Fifth Amendment. Therefore, the District Court correctly denied relief under § 2255, Title 28, United States Code.

We desire to express our appreciation for the services rendered by Francis J. Demet, Esq., of the Milwaukee, Wisconsin bar, who acted as Court-appointed counsel for the defendant.

Affirmed.