**Raymond George ORRIE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16900.**

United States Court of Appeals
Eighth Circuit.

April 20, 1962.

Rehearing Denied May 21, 1962.

Raymond George Orrie, pro se.

F. Russell Millin, U. S. Atty., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN and VOGEL, Circuit Judges, and DEVITT, District Judge.

VOGEL, Circuit Judge.

Raymond George Orrie appeals here from an order denying his motion to correct and reduce sentence, such proceeding being under the provisions of § 2255 of Title 28 U.S.C.A. Appellant had been charged with the purchase, sale and transportation of narcotic drugs. He waived indictment and consented to be proceeded against by information. Such information was in eight counts. Counts 1, 2 and 3 charged him with the purchase, sale and transportation of narcotic drugs on August 20, 1957. Counts 4, 5 and 6 charged appellant with the purchase, sale and transportation of narcotic drugs on July 24, 1957. Counts 7 and 8 charged appellant with the purchase and transportation of narcotics on August 24, 1957. Upon arraignment appellant entered pleas of not guilty.

Subsequently on October 1, 1957, the appellant, accompanied by his then counsel, Mr. Frank P. Barker, Jr., appeared in the United States District Court for the Western District of Missouri before the Honorable Albert A. Ridge, then one of the judges of said court. Through counsel and personally, appellant indicated his desire to change his pleas of not guilty as to Counts 4, 5 and 6 and to enter pleas of guilty thereto. After the court allowed and received the pleas of guilty as to Counts 4, 5 and 6, the United States Attorney moved that the remaining five counts of the information be dismissed and such motion was granted.

Count 4 charged a violation of § 4704 (a), Title 26 U.S.C.A. The minimum sentence for violation thereof is *two* years. (§ 7237(a), Title 26 U.S.C.A., as amended.)

Count 5 charged a violation of § 4705 (a), Title 26 U.S.C.A. The minimum sentence for violation thereof is *five* years. (§ 7237(b), supra.)

Count 6 charged a violation of § 174, Title 21 U.S.C.A. Such section provides for a minimum sentence of *five* years.

After hearing statements by the United States Attorney and by appellant's counsel and being apprised of appellant's record, the court imposed a sentence of two years on Count 4, five years on Count 5 and *two* years on Count 6 and ordered such sentences to run consecutively. Subsequently, upon realizing its error as to the sentence imposed on Count 6, the court, on October 4, 1957, three days after the original sentencing, had the appellant returned before it and resentenced on Count 6 to five years in accordance with the minimum requirements of the statute. The sentences again were designated to run consecutively. The net effect on appellant was to increase the total of his sentences from nine to twelve years.

■ Appellant, acting *pro se* in this proceeding, first contends that the resentencing of October 4, 1957, was invalid, beyond the power of the sentencing court, and violated his Constitutional rights in that it increased the sentence first imposed on October 1, 1957. We believe the contention of the appellant in that regard is not sound and that under the provisions of Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., the trial court did possess the power to correct the obviously illegal sentence imposed as to Count 6. That rule provides, *inter alia*:

"*Rule 35. Correction or Reduction of Sentence*

"The court may correct an illegal sentence at any time. * * * "

Appellant's contention is not one of first impression. The Supreme Court of the United States had a related issue in Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. Therein petitioner had been convicted of a viola-

tion of 26 U.S.C. § 2833(a) which carried a minimum mandatory sentence of a fine of $100 *and* imprisonment. In announcing sentence, the trial judge provided for imprisonment only. Some five hours thereafter petitioner was returned to the court from the local federal detention jail where he had been awaiting transportation to the penitentiary, and the court thereupon imposed the mandatory fine and penalty, including the $100 fine as required by law. In rejecting the contention that the resentence constituted double jeopardy, the Supreme Court said, 330 U.S. at pages 166–167, 67 S.Ct. at pages 648, 649:

"* * * If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States, 60 F.2d 4, 6, with Barrow v. United States, 54 App.D.C. 128, 295 F. 949. This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' In re Bonner, supra [151 U.S.] at 260 [14 S. Ct. at page 327, 38 L.Ed. 149]. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 15, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do and substitute [d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, [151 U.S.] supra at [page] 260 [14 S.Ct. at page 327, 38 L.Ed. 149.] It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense."

In following Bozza, the Court of Appeals for the District of Columbia in

Hayes v. United States, 1957, 249 F.2d 516, certiorari denied 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586, approved the increase, after two months, of an original sentence providing for confinement of from thirty to ninety months to a mandatory ten-year sentence. In doing so, the court stated, at pages 517–518:

> "It seems clear that if the March 8 sentence were valid it could not be augmented once defendant had begun to serve it. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; United States v. Rosenstreich, 2 Cir., 204 F.2d 321; Rowley v. Welch, 72 App. D.C. 351, 114 F.2d 499. It also seems clear that, if the sentence were invalid and defendant successfully attacked it, he could be validly resentenced though the resentence increased the punishment. The defendant in such case is held to have waived his protection against double jeopardy. (Citations omitted.)
> \* \* \*

> \* \* \* \* \* \*

> "We are persuaded also that a sentence which does not conform with the applicable statute may be corrected though defendant has not appealed from the judgment embodying the invalid sentence, has begun to serve it, and steps to correct it are not initiated by him but by the Government."

See also Mathes v. United States, 9 Cir., 1958, 254 F.2d 938, and Cook v. United States, 1 Cir., 1948, 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088.

We conclude here that the original sentence imposed on Count 6 was erroneous and a nullity, it being for less than the minimum period provided in § 174, Title 21 U.S.C.A. Being an erroneous sentence, it could be corrected at any time. The trial court was entirely within its jurisdiction so to do. In fact, that was the trial court's duty. In the perform-

ance of that duty, the appellant was no more placed in double jeopardy than was the petitioner in Bozza or Hayes.

■ Appellant's next contention is that the information contained duplicitous counts in that the three counts to which he pleaded guilty and upon which he was sentenced grew out of the same transaction. The contention was adequately answered by the Supreme Court in Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597, affirming this court in 8 Cir., 248 F.2d 196. See also United States v. Jones, 7 Cir., 1957, 248 F.2d 772, certiorari denied 356 U.S. 923, 78 S.Ct. 707, 2 L.Ed.2d 718. Appellant's argument that the same proof is required under all three counts has likewise been disposed of adversely to the appellant in Bridges v. United States, 9 Cir., 1958, 259 F.2d 611, 616–617, certiorari denied 358 U.S. 847, 79 S.Ct. 73, 3 L.Ed.2d 81, where, as in the instant case, the appellant had pleaded guilty and therefore no proof was required.

■ Appellant next argues that the trial court was in error in overruling his motion without granting a hearing. In Cain v. United States, 8 Cir., 1959, 271 F.2d 337, 338, we said:

> "While the general rule is that a hearing is necessary prior to the disposition of all § 2255 motions presenting factual issues, \* \* \* this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief'. Thus, the records of the prior proceedings may so completely affirmatively rebut the motion's contentions as to make a hearing unnecessary. (Citations omitted.)"

No disputed factual issue is presented here and the files and records affirmatively show that appellant was entitled to no relief. Accordingly, it was not error to refuse a hearing.

Appellant's last contention of error concerns, as near as we can determine, a charge of "cruel and inhuman punishment" by virtue of the fact that the sentencing judge, in a letter to the appellant, stated that he was recommending parole "as and when you have earned it" and appellant believed the possibility of parole to be "non-existent". The entire letter, dated November 29, 1957, approximately two months after the sentencing, and in response to a letter requesting sentence reduction, is as follows:

"Dear Sir:

Reference is made to your letter of November 20th., requesting a reduction in your sentence for violation *of Sections 4704(a) and 4705(a),* *Title 26, U.S.C.,* and *Section 174 of* *Title 21, U.S.C.*

The sentence imposed upon you by this Court on your plea of guilty to such charges was the minimum sentence that could be imposed for the crimes to which you pleaded guilty.

In light of the fact that the Congress has made provision that probation and parole are not to be granted in such cases for second offenders, I do not believe that it would be compatible with the intention of the Congress that I modify your sentences as requested.

For your information, however, I have recommended you for parole as and when you have earned it."

Under § 7237(d), Title 26 U.S.C.A., as amended, persons guilty of the offenses charged in Counts 5 and 6 are not eligible for suspension of sentence or probation and as to such counts the possibility of parole was non-existent. The same is not true, however, with reference to Count 4. Appellant was not a second or subsequent offender insofar as the federal law was concerned and he was not so charged. See § 7237(c) (2) and (d) (2), supra. The trial court, in making his recommendation for parole, could have had reference to Count 4. Be that as it may, whether he did or not seems to us of no particular materiality herein. We find the assignment of error without merit.

Affirmed.