**Fred Joe BOYD, Appellant,**

v.

**STATE OF OKLAHOMA, Appellee.**

No. 9207.

United States Court of Appeals
Tenth Circuit.
April 5, 1967.

---

Donald E. Wilson, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen., of Oklahoma (G. T. Blankenship, Atty. Gen., of Oklahoma, with him on brief), for appellee.

Before MURRAH, Chief Judge, HICKEY, Circuit Judge, and CHRISTENSEN, District Judge.

PER CURIAM.

Boyd, a state prisoner, appeals from an order denying his petition for a writ of habeas corpus without an evidentiary hearing. He was sentenced on a plea of guilty to a charge of second degree burglary. He neither appealed nor presented a petition for a writ of habeas corpus to the courts of the State of Oklahoma.

Counsel for appellant, mindful that 28 U.S.C. § 2254 requires a state prisoner to exhaust available state remedies, argues that such remedies are ineffective because Oklahoma courts have infrequently granted relief under circumstances similar to the case at bar. Probability of success is not the test for determining the adequacy of state remedies. The fact that the issue may be determined contrary to the contentions of Boyd does not establish any ground for questioning the adequacy or effectiveness of the remedy provided for the presentation and determination of that issue. Williams v. United States, 283 F.2d 59 (10th Cir. 1960), cert. denied 361 U.S. 842, 80 S.Ct. 91, 4 L.Ed.2d 80. Here the state provides a suitable procedure for considering the issues herein presented but the appellant has deliberately chosen to by-pass them and seek relief in the federal courts. This he cannot do. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

No disputed factual issue is presented here and the application on its face affirmatively shows that appellant was not entitled to federal habeas corpus relief. Accordingly, it was not error to refuse a hearing. Orrie v. United States, 302 F.2d 695 (8th Cir. 1962), cert. denied 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101; Putnam v. United States, 337 F.2d 313 (10th Cir. 1964).

Affirmed.