Howard Otis LOWERY, #64910, Petitioner,

v.

The STATE OF OKLAHOMA et al., Respondents.

No. 75–0056–D.

United States District Court, W. D. Oklahoma, Civil Division.

May 31, 1975.

Howard Otis Lowery, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus in which the petitioner challenges his convictions in cases numbered 29329, 29330 and 29331, in the District Court of Oklahoma County, Oklahoma. At the time this action was commenced the petitioner was incarcerated in the Oklahoma State Penitentiary at McAlester, Oklahoma. Although it is indicated from an Entry of Appearance filed with the court on March 11, 1975, that the petitioner is no longer confined in the institution, the court nevertheless retains jurisdiction. *Carafas v. Le-Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). He contends that the convictions were constitutionally invalid on the following grounds:

1. His plea of guilty was involuntary because a plea bargain that he was to receive concurrent sentences of 25 years in each case was unfulfilled when he was sentenced by the court to consecutive sentences of 99 years in each case.

2. He was denied the effective assistance of counsel because of the belated appointment of counsel by the court.

The petitioner alleges that he has exhausted his state remedies. In support thereof he attaches to his Petition an application for post conviction relief which was presented to the District Court of Oklahoma County, Oklahoma. This application contained the same allegations as the Petition filed in this court. It appears from a letter from the Court Administrator for the District Court of Oklahoma County that this application was returned to the petitioner without filing for the stated reason that the petitioner had previously filed a prior application and the court would not consider a second. The petitioner then attempted an appeal to the Court of Criminal Appeals for the State

of Oklahoma. By letter dated January 2, 1975, that court advised Mr. Lowery that since no post conviction application had been filed in the District Court his application would not be entertained on appeal. The respondents admit the prior application for post conviction relief and contend that since the second application was never successfully filed in the District Court of Oklahoma County and the judge of that court given an opportunity to rule on petitioner's application that there has not been sufficient exhaustion. Respondents submit that the petitioner should be required to resubmit his application to the Court Clerk of the Oklahoma County District Court for filing and consideration by a judge of that court. The test for exhaustion is whether the state courts had a full opportunity to determine the federal constitutional issues before resort was made to a federal forum. Once the federal claim has been fairly presented to the state courts the requirement that state remedies, be exhausted is satisfied. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The petitioner did afford to the Oklahoma courts the opportunity to resolve the constitutional issues. The petitioner has done all that he could reasonably be expected to do. There is no reason to believe that if he were required to again seek relief in the sentencing court that his application would not receive the same summary treatment as before. We hold, therefore, that petitioner has exhausted his state remedies.

The court further concludes, however, that the application itself with the documentation submitted by the petitioner clearly establishes that his claims are without foundation. Attached are the court appearance docket sheets of the three cases. These records conclusively refute the existence of any plea bargain or the possibility that petitioner may have been misled into believing there was one. They further reflect that petitioner's counsel zealously sought to protect the rights of his client. In each case the defendant was charged by In-

formation on January 23, 1964 with the offense of Robbery With Firearms. On January 24th he entered a plea of not guilty. On March 2nd the cases were docketed for trial on March 9th. On the latter date petitioner appeared with counsel and entered a plea of guilty in the three cases. The court did not then impose sentence but set the matter for hearing on March 31, 1964 at 9:00 a. m. on mitigation. On March 27th petitioner's counsel filed an application for continuance of sentencing and for a mental examination. The application came on for hearing on March 31st and in support thereof one witness was sworn and evidence introduced. The court then sustained the motion for continuance and set the matter for further hearing on April 3, 1964. On April 3rd the entry states:

"Comes on for hearing on mitigation and aggravation and sentencing, 7 witnesses sworn, evidence introduced sentencing continued to 4–6–64 at 1:30 p. m. Smith."

On April 6th when the matter came on for further hearing the court ordered the question of defendant's present insanity set for trial on April 23, 1964 and sentencing was again deferred. On April 23rd the jury heard the testimony of two witnesses and the evidence introduced then returned the verdict finding the petitioner sane. Only then did the court sentence the petitioner to 99 years imprisonment in each case. Obviously, if there had been a plea bargain this would have been announced to the court immediately after the pleas of guilty and there would have been no occasion for any hearing in mitigation. If the sentences were to be a foregone conclusion then all that intervened between the pleas and the sentences were a meaningless charade. Counsel certainly knew there was no agreement on the sentences otherwise no purpose would have been served by the vigorous efforts to establish present insanity and submit matters in mitigation. The significance of these events could not have been lost on the pe-

titioner. This was not his introduction to the courts. He was already serving a life sentence in Canadian County with a consecutive 25 year sentence from Oklahoma County. (See *Howard Otis Lowery,* petitioner, *vs. The State of Oklahoma, et al.,* respondents, CIV–75–0142–D Western District of Oklahoma.) If petitioner's pleas of guilty had in fact been premised on promises of 25 year sentences he would no doubt have expected and insisted that sentence be pronounced immediately after his pleas. The strategy of the defense apparent from the record was to plead guilty and rely on the petitioner's current mental state in mitigation or possible preclusion of sentence. This strategy could have been pursued only with the knowledge and concurrence of the petitioner himself.

 As the basis for his claim that he was denied effective assistance of counsel by the alleged belated appointment of Hal Whitten, Jr., petitioner asserts:

> "The appearance dockets, numbers 29329, 29330 and 29331 reflect that counsel was not present until the entering of these guilty pleas."

However, he admitted in answers to questions numbered 17 and 18 of his Petition herein that Mr. Whitten represented him also at his arraignment and plea. As we have noted the record reflects that this occurred on January 24, 1964. No other court appearances were required by counsel until the trial date March 9, 1964. Mr. Whitten was his counsel for at least a month before the change of plea. If we assume, contrary to the petitioner's admissions, the public defender was not appointed until the day that his pleas were entered, this alone would not establish the denial of effective assistance of counsel. *Woodard v. Beto,* 447 F.2d 103 (CA5 1971), cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275; *O'Neal v. Smith,* 431 F.2d 646 (CA5 1970). See also *United States v. Schroeder,* 433 F.2d 846 (CA8 1970), cert. denied, *Allen v. United States,* 401

U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224. In order to establish the denial of effective assistance of counsel it must appear that the representation was such as to make the trial a mockery, sham or farce. Conclusory averments concerning the effective assistance of counsel may be disregarded. *Eskridge v. United States,* 443 F.2d 440 (CA10 1971). The petitioner's allegations are insufficient to establish, and the record will not permit, the conclusion that the petitioner was denied the effective assistance of counsel.

 Since the application affirmatively shows that the petitioner is not entitled to relief herein an evidentiary hearing is not required. *Boyd v. State of Oklahoma,* 375 F.2d 481 (CA10 1967).

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.